UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GERALD ROBINSON, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:10CV00081 ERW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Movant Gerald Robinson's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc. #1]. The Government filed its Response to Movant's Motion on March 15, 2010 [doc. # 7]. Movant then filed a Traverse on March 29, 2010 [doc. #9].

**I. BACKGROUND**

On September 22, 2006, Movant Gerald Robinson ("Movant") was convicted by a jury of conspiracy to possess pseudoephedrine knowing it would be used to manufacture methamphetamine (as charged in Count I of the indictment), and knowing possession of pseudoephedrine knowing it would be used to manufacture methamphetamine (Counts II and III). Movant was acquitted of knowing possession of a firearm in furtherance of a drug-trafficking crime (Count V), and an additional count of knowing possession of pseudoephedrine knowing it would be used to manufacture methamphetamine (Count VII). At Movant's sentencing hearing

on December 14, 2006, his attorney argued that a recommended gun enhancement[1] should not apply because Movant did not possess a firearm in connection with the drug offenses for which he was convicted. This Court denied Movant's objection, and applied the gun enhancement. The Court ultimately sentenced Movant to 220 months imprisonment, followed by a two-year term of supervised release, pursuant to § 2D1.1(b) of the United States Federal Sentencing Guidelines.

Following his sentencing, on December 15, 2006, Movant filed a notice of appeal. On appeal, Movant argued that this Court erred in applying the gun enhancement to his sentence. The Eighth Circuit rejected this argument, and affirmed Movant's sentence on July 30, 2008. On January 14, 2010, Movant filed the pending Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. As his sole ground for relief, Movant asserts that his trial counsel was ineffective because counsel did not argue that the gun enhancement that was applied to Movant's sentence constituted double jeopardy, or that it should have been barred by collateral estoppel, preclusion or res judicata.

## II.   STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him or her "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Nonconstitutional claims based on a federal statute or

---

[1]Such an enhancement results in a two-point increase in offense level under the Sentencing Guidelines when a court finds, by a preponderance of the evidence, that it was not improbable that a gun was connected to the defendant's crime.

rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a fundamental defect which inherently results in a complete miscarriage of justice." *Reed v. Farley*, 512 U.S. 339, 354 (1994) (internal quotation marks and citations omitted).

Claims brought under § 2255 may also be limited by procedural default. A movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Belford v. United States*, 975 F.2d 310, 313 97th Cir. 1992)). Moreover, even constitutional or jurisdictional claims not raised on direct appeal are procedurally defaulted "unless a petitioner can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). An exception to this general prohibition exists only where "the alleged error constitut[es] a fundamental defect which inherently results in a complete miscarriage of justice." *Reed v. Farley*, 512 U.S. 339, 354 (1994).

## III. DISCUSSION

### A. RIGHT TO AN EVIDENTIARY HEARING

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Shaw v. United States*, 25 F.3d 1040, 1043 (8th Cir. 1994) (alteration original) (quoting 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle [the movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir, 1986)).

The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043 (citing *Larson v. United States*, 905 F.2d 218, 220-21 (8th Cir. 1990)). Since the Court finds that Movant's claims can be conclusively determined based upon the parties' filings and the record of the case, no evidentiary hearing will be necessary.

**B.     INEFFECTIVE ASSISTANCE OF COUNSEL**

A claim alleging a violation of the Sixth Amendment right to effective assistance of counsel may be raised for the first time in a § 2255 motion, regardless of whether the claim could have been raised on direct appeal. *See Massaro v. United States*, 538 U.S. 500, 504 (2003). This exception to the general procedural default rule exists to prevent movants from being forced "to raise the issue before there has been an opportunity fully to develop the factual predicate for the claim." *Id.* Additionally, a movant's attorney may serve as counsel both at the trial and appellate levels of the case, and it is unlikely that the attorney would claim his own ineffective assistance of counsel on appeal. *See* 3 Charles Alan Wright, Nancy J. King & Susan R. Klein, *Federal Practice and Procedure* § 594.1, at 710 (3d ed. 2004). Demonstrating ineffective assistance of counsel will normally satisfy the cause for default and actual prejudice requirements necessary to raise a constitutional issue for the first time in a § 2255 motion. *See United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). Establishing ineffective assistance of counsel, however, is "a heavy burden." *Id.*

To prove ineffective assistance of counsel, a movant must demonstrate: (1) that his "counsel's performance was deficient," and (2) that this "deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1987). When evaluating the first prong,

4

whether an attorney's performance was deficient, the inquiry is whether "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and the Court applies "an objective standard of reasonableness." *Id.* at 687-88. Movant bears the burden of proving counsel's performance was unreasonable, considering all of the circumstances, and there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 688-89. As to the second prong, the movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Both prongs of the test must be satisfied in order for the claim to succeed, and if a movant fails to make a sufficient showing under one prong, the court need not address the other. *See id.* at 697; *see also Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000) (citing *United States v. Flynn*, 87 F.3d 996, 1000 (8th Cir. 1996)).

Movant's ineffective assistance of counsel claim is based on his counsel's alleged failure to raise claims of double jeopardy, collateral estoppel, preclusion, and res judicata during sentencing. Each of these claims is related to the two-point gun enhancement that this Court applied to Movant's base offense level for the purpose of sentencing. The enhancement resulted from this Court's finding, by a preponderance of the evidence, that Movant possessed a firearm in furtherance of a drug-trafficking offense. Movant maintains that his attorney should have argued that the enhancement was precluded because Movant was acquitted of Count V (knowing possession of a firearm in furtherance of a drug-trafficking crime), meaning that the jury did not find, beyond a reasonable doubt, that Movant possessed a firearm in furtherance of the drug crimes for which he was convicted.

5

When imposing a sentence, courts look to the United States Sentencing Guidelines for direction. Though no longer mandatory, a sentencing court may consider enhancements set forth in the Sentencing Guidelines when determining the punishment due to an offender. *See United States v. Booker*, 543 U.S. 220 (2005). The United States Supreme Court and the Eighth Circuit Court of Appeals have firmly established that courts may impose sentencing enhancements based on crimes for which a person has been acquitted, as long as the elements of the enhancement can be proven by a preponderance of the evidence. *See United States v. Watts*, 519 U.S. 148, 157 (1997) (holding that "a jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence"); *United States v. Whatley*, 133 F.3d 601, 606 (8th Cir. 1998) (noting that *Watts* only requires district courts to make "the factual findings necessary to support the relevant sentencing adjustments," if those factual findings are "supported by evidence sufficient to convince a reasonable fact finder that that evidence preponderates in favor of those findings"); *Clark v. Smith*, 2010 WL 609079 (E.D. Mo. Feb. 19, 2010) (relying on *Watts* to deny a petition under 28 U.S.C. § 2254). Further, these enhancements do not implicate the doctrine of double jeopardy or offend due process. *See Watts*, 519 U.S. at 154-55 (citing *Witte v. United States*, 515 U.S. 389, 402-03 (1995)) (noting that "sentencing enhancements do not punish a defendant for crimes of which he was not convicted, but rather increase his sentence because of the manner in which he committed the crime of conviction").

The facts of this case are almost identical to the facts in *United States v. Watts*. In *Watts*, the defendant was found guilty of possessing narcotics with intent to distribute, but was acquitted by a jury "of using a firearm in relation to a drug offense, in violation of 18 U.S.C. § 924(c)." *Id.*

at 150. At sentencing, the district court determined, by a preponderance of the evidence, that the defendant had possessed a firearm, so the court "added two points to his base offense level." *Id.* The United States Supreme Court affirmed the sentence imposed, noting that "acquittal on criminal charges does not prove that the defendant is innocent; it merely proves the existence of a reasonable doubt as to his guilt." *Id.* at 155 (quoting *United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 361 (1984)). Because "'an acquittal in a criminal case does not preclude the Government from relitigating an issue when it is presented in a subsequent action governed by a lower standard of proof,'" the Supreme Court held that it was proper for the district court to apply the gun enhancement even though the defendant had been acquitted of all gun-related charges. *Id.* at 156-57.

Despite the clear similarity of facts between his case and *Watts*, Movant argues that his counsel should have urged this Court to depart from the rationale of *Watts*, and find that it would be improper to enhance Movant's sentence because doing so would amount to double jeopardy on the firearm charge. Movant has not cited any authority, nor is this Court aware of any authority, that supports his argument that the Court would have been justified in embarking on such a clear departure from precedent. Courts across the United States have consistently followed the Supreme Court's holding in *Watts* since that decision was issued. *See United States v. White*, 551 F.3d 381 (6th Cir. 2008); *United States v. Jones*, 531 F.3d 163 (2d Cir. 2008); *United States v. Mercado*, 474 F.3d 654 (9th Cir. 2007); *United States v. Partida*, 385 F.3d 546 (5th Cir. 2004); *United States v. Carter*, 300 F.3d 415 (4th Cir. 2002); *United States v. Mendez-Zamora*, 296 F.3d 1013 (11th Cir. 2002); *United States v. Raimondi*, 159 F.3d 1095 (7th Cir. 1998); *United States v. Whatley*, 133 F.3d 601 (8th Cir. 1998); *United States v. Barakat*, 130

F.3d 1448 (11th Cir. 1997); *United States v. Meade*, 110 F.3d 190 (1st Cir. 1997); *United States v. Baird*, 109 F.3d 856 (3d Cir. 1997). The Court finds that it was reasonable for Movant's counsel to not make an argument that is wholly unsupported and contrary to established precedent.

Movant also argues that his counsel should have made collateral estoppel, res judicata, and issue preclusion arguments with respect to the gun enhancement. It is important to note that the United States Supreme Court has simplified all forms of issue and claim preclusion to be "collectively referred to as 'res judicata.'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). Within the broad category of res judicata, claim preclusion pertains to relitigation of the same claim between two parties, while issue preclusion, which encompasses collateral estoppel, bars relitigation of the same issue of fact or law. *See id.* Further, the Court recognizes that the doctrine of res judicata is incorporated into the doctrine of double jeopardy. *See Dowling v. United States*, 493 U.S. 342, 347 (1990); *Ashe v. Swenson*, 397 U.S. 436, 445-46 (1970); *Prince v. Lockhart*, 971 F.2d 118, 123 (8th Cir. 1992). Movant's argument focuses on the issue preclusion side of res judicata, particularly collateral estoppel.

This Court has already determined that double jeopardy was not implicated in this case. By extension, the preclusion doctrine Movant relies on also does not apply. "The collateral estoppel doctrine provides that 'when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.'" *Prince*, 971 F.2d at 123 (quoting *Ashe*, 397 U.S. at 443). In the case at hand, Movant argues that considering an acquitted charge during sentencing is tantamount to relitigating that acquitted charge. Movant's argument fails, however, because an acquittal in a

8

criminal case "d[oes] not determine an ultimate issue," and "does not preclude the Government from relitigating an issue when it is presented in a subsequent action governed by a lower standard of proof." *Dowling*, 493 U.S. at 348-49. In this case, the Court applied a lower standard of proof at the sentencing hearing (preponderance of the evidence) than the jury applied during Movant's trial (beyond a reasonable doubt), so preclusion would not prevent this Court from considering the gun enhancement. Movant's counsel's decision not to make a preclusion argument was reasonable under the circumstances.

The record reflects that Movant's counsel acted competently in both objecting to the sentencing enhancement, and then challenging the sentence on appeal. Based on the facts, it cannot be said that Movant's counsel acted unreasonably by not specifically arguing that the gun enhancement amounted to double jeopardy or that it violated the doctrine of preclusion. In the face of such clear case law in the Eighth Circuit permitting a court to rely on acquitted conduct to support a sentencing enhancement, a reasonable attorney would have behaved similarly. These circumstances show that Movant's counsel's assistance in this case was neither unreasonable nor deficient. Because Movant has failed to meet the first prong of the *Strickland* test, the Court can deny his ineffective assistance of counsel claim without reaching the issue of prejudice.

    C.    **CERTIFICATE OF APPEALABILITY**

The Court finds that Movant has not made a substanital showing of the denial of a constitutional right, as is required before a certificate of appealability can be issued. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (explaining that a "substantial showing" is a showing that the "issues are debatable among reasonable jurists, a court could resolve the issues

differently, or the issues deserve further proceedings"). Therefore, the Court shall not issue a certificate of appealability as to any claims raised in Movant's § 2255 Motion.

Accordingly,

**IT IS HEREBY ORDERED** that Movant Gerald Robinson's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc. #1] is **DENIED**. All Counts of Movant's Motion are **DISMISSED, with prejudice**.

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability as to any claim raised in Movant's Motion.

Dated this 8th Day of November, 2010.

_E. Richard Webber_
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE